UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| AUTUMN BENNETT, SHANNAN HICKS, GENTIA JACKSON, KELLIE LEWIS, DEANNA MARCANTEL, RENEE MILLS, JODI RIDDLE, MILLIE STIVERS, and ANGELA WOLFE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 3:17-cv-5774 RJB<br><br>ORDER ON UNITED STATES' MOTION TO COMPEL |

This matter comes before the Court on the United States' Motion to Compel. Dkt. 39. The Court has considered the pleadings filed regarding the motion and remaining record, and is fully advised.

On September 27, 2017, Plaintiffs filed this case asserting negligence claims under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et. seq*. ("FTCA") in connection with Darren Chotiner, M.D.'s alleged inappropriate contact with the Plaintiffs, who were female patients at

the federally funded Peninsula Community Health Services clinics ("PCHS"). Dkt. 1. After various motions to dismiss, the Plaintiffs' remaining claim is for negligent supervision.

The United States now moves for an order compelling Plaintiffs to provide complete responses to discovery requests which were originally due in May 2018. Dkt. 39. For the reasons provided below, the motion (Dkt. 39) should be granted.

## I. FACTS AND PROCEDURAL HISTORY

**A. FACTS**

The underlying facts are in this Court's March 22, 2019 Order on the United States' Renewed Motion to Dismiss (Dkt. 47, at 1-7) and are adopted here by reference.

On April 3, 2018, the Defendant propounded its first set of Interrogatories and Requests for Production ("IRP") to Plaintiffs. After agreeing to several extensions of time, in the fall of 2018, the Plaintiffs provided partial responses. The parties met and conferred three additional times about the Plaintiffs completing their responses and they agreed upon dates, the last of which was to be March 1, 2019. The Defendant again emailed the Plaintiffs' counsel on March 4, 2019 about the incomplete information. Plaintiff did not respond.

The Defendant filed this motion on March 7, 2019. Dkt. 39. On March 18, 2019, the Plaintiffs responded, acknowledged that the responses were due and indicated that, on March 16, 2019, they sent the supplemental responses. Dkt. 45. They request that the United States' Motion to Compel those answers be denied. *Id.* The Defendant filed a reply on March 22, 2019. In it, the Defendant points out that the answers to Interrogatories no. 4, 7, and 8 are still incomplete and that all the supplemental responses were not verified. Dkt. 48. The United States moves the Court for an order compelling complete responses and requiring that the responses be verified. *Id.*

The discovery deadline is April 26, 2019, the dispositive motions deadline is May 9, 2019, and a bench trial is set to begin on July 29, 2019. Dkt. 34.

## II. DISCUSSION

### A. DISCOVERY GENERALLY AND STANDARD ON A MOTION TO COMPEL

Fed. R. Civ. P. 26 (b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Further, Rule 37 (a)(1) provides:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

### B. COMPLETE ANSWERS TO INTERROGATORIES NO. 4, 7 and 8

The information the Defendant seeks in Interrogatories No. 4, 7, and 8 is relevant and should be fully disclosed. The Defendants' motion to compel complete answers to these interrogatories should be granted.

The Defendants properly point out that as to Interrogatory No. 4, the Plaintiffs, at times, failed to provide the names of particular persons "who have personal knowledge of any facts or matters pertaining to each of the allegations in the Complaint," but merely provide business names and addresses, fail to identify the substance of the knowledge, and in two cases, provided incorrect addresses.

As to Interrogatory No. 7, which asks the Plaintiffs to provide the names of health care providers that have treated them for injuries claimed in this case, the Plaintiffs have, at times, only provided a business name, rather than a specific provider. Further, Plaintiff Stivers does not provide the name of any medical providers despite her claim for out-of-pocket medical expenses.

Regarding Interrogatory No. 8, the amount and method of calculation of claimed damages, the Plaintiffs provided incomplete explanations of how they calculated their claimed damages and provided incomplete supporting documentation for medical costs or lost income.

The Plaintiffs should be ordered to provide complete answers to these interrogatories on or before April 9, 2019.

### C. VERIFICATION

Under Fed. R. Civ. P. 33 (b)(3), interrogatories must be answered "separately and fully in writing under oath." Further, Rule 33 (b)(5) requires that the "person who makes the answers [to interrogatories] must sign them."

The Plaintiffs' March 16, 2019 answers are not verified. The Plaintiffs should be ordered to verify those responses by April 9, 2019.

### D. OTHER MATTERS

This case is scheduled to begin trial in four months. The parties are strongly encouraged to work together to resolve matters between them by agreement, if possible.

# III. ORDER

It is **ORDERED** that:

- The United States' Motion to Compel (Dkt. 39) **IS GRANTED;** and

- The Plaintiff **SHALL PROPOUND** complete answers to the Defendant's Interrogatories No. 4, 7, and 8 and submitted verified supplemental answers on or before **April 9, 2019**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of March, 2019.

ROBERT J. BRYAN
United States District Judge